UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALIFORNIA PRO-LIFE COUNCIL, INC.,

        Plaintiff,

   v.

LIANE RANDOLPH, in her official capacity as Chairman of the Fair Political Practices Commission, et al.,

        Defendants.

NO. CIV S-00-1698 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

    This case arises out of plaintiff's, California Pro-Life Council's ("CPLC"), claims that certain reporting and disclosure provisions in California's Political Reform Act ("PRA"), Cal. Gov't Code §§ 81000, et seq., violate the First and Fourteenth Amendment rights of CPLC and similar groups who, among other activities, expressly advocate for and against the passage of ballot measure initiatives.  Defendants asserted that California has a compelling government interest in requiring such

disclosures and that the provisions are narrowly tailored to advance that interest. On February 28, 2005, the court issued its Memorandum and Order, denying plaintiff's motion for summary judgment and granting defendants' motion for summary judgment. Subsequently, plaintiff appealed.

On November 14, 2007, the Ninth Circuit Court of Appeals filed its decision and judgment in this case. The Ninth Circuit affirmed in part, reversed in part, and remanded. The parties submitted a Joint Status Report on January 29, 2008, in addition to separate proposed orders. Subsequently, the parties submitted supplemental briefing. Both plaintiff and defendants agree that the terms of the final judgment in this case are controlled by the Ninth Circuit's holding. As such, and for purposes of judicial economy, the parties have agreed that the resolution of the remaining issues on remand may occur without further motion practice.[1]

## BACKGROUND

On August 8, 2000, CPLC filed its initial complaint with this court, which was supplanted by an amended verified complaint filed September 27, 2000. The essence of CPLC's ten-count Amended Verified Complaint ("complaint" or "AVC") is that Cal. Gov't Code §§ 82031 and 82013(a) and (b) Cal. Code Regs. tit. 2, §§ 18225(b) and 18215(b), violate CPLC's First and Fourteenth Amendment rights by subjecting them to onerous reporting requirements for engaging in express advocacy of ballot measures.

---

[1] Defendants agreed to this procedure on the condition that this court issues an order setting forth in detail the resolution of each of plaintiff's claims in the Verified Amended Complaint consistent with the Ninth Circuit's opinion.

1  By order filed October 24, 2000, this court dismissed Counts
2  1 and 3 for lack of standing to challenge the PRA's regulation of
3  candidate advocacy.  The court dismissed Counts 2, 4, and 6 for
4  failure to state a claim pursuant to Rule 12(b)(6).  The court
5  dismissed Counts 5 and 10 (vagueness challenges) only to the
6  extent they were directed to regulation of communications
7  involving candidates and mere discussion of ballot measure
8  initiatives.  Counts 5 and 10 survived the motion to dismiss to
9  the extent they were directed at express ballot measure advocacy.
10 However, by subsequent order dated January 22, 2002, the court
11 granted defendants' motion for summary judgment as to the
12 remainder of Counts 5 and 10, holding that plaintiffs had not
13 demonstrated a credible threat of prosecution and thus, the
14 matter was not ripe for review.  Counts 7, 8, and 9 were
15 dismissed by stipulation of the parties.

16  CPLC appealed both the Court's October 24, 2000 order and
17 the January 22, 2002 order.  The Ninth Circuit affirmed this
18 court's dismissal of Counts 1 and 3, holding that CPLC "does not
19 have standing to argue that the definition of 'independent
20 expenditure' is unconstitutionally vague as applied to its
21 candidate advocacy" because CPLC "faces no credible threat of
22 prosecution for its candidate advocacy."  <u>California Pro-Life
23 Council, Inc. v. Getman</u>, 328 F.3d 1088, 1096 (9th Cir. 2003).
24 However, the Ninth Circuit reversed this court's grant of summary
25 judgement of Counts 5 and 10 on ripeness grounds.  The court held
26 that CPLC could challenge the allegedly vague definition of
27 "independent expenditure" as it related to CPLC's express ballot
28 measure advocacy because CPLC suffered a "constitutionally

3

sufficient injury of self-censorship rendering its vagueness challenge . . . justiciable." Id. at 1093.  Rather than remand CPLC's vagueness challenge to the "independent expenditure" definition, the Ninth Circuit addressed the merits, noting that the issue had been fully briefed by the parties and strenuously advocated at oral argument.  Id. at 1096 n.5.  The court concluded that the definition, as narrowly defined by the California appellate court in Governor Gray Davis Committee v. American Taxpayer Alliance, 102 Cal. App. 4th 449 (2002), was not unconstitutionally vague.  Getman, 328 F.3d at 1100.  Lastly, the Ninth Circuit addressed Counts 2, 4, and 6, "CPLC's more general challenge to the PRA's regulation of ballot measure advocacy." Id. at 1100.  The court concluded that the PRA's disclosure provisions burden protected First Amendment speech and therefore, must satisfy strict scrutiny.  The Circuit court remanded, stating that it was for this court to determine in the first instance whether the state's interest was in fact compelling, and whether the challenged PRA provisions were narrowly tailored to advance that interest.  Id. at 1107.

On remand, the parties filed cross-motions for summary judgment.  By order dated February 25, 2005, this court denied CPLC's motions for summary judgment and granted defendants motion for summary judgment.  The Court held that (1) California has a compelling information interest in the PRA's disclosure provisions and (2) the record-keeping, reporting, and organizational obligations were narrowly tailored to that compelling interest.  CPLC appealed the judgment.

4

On November 14, 2007, the Ninth Circuit affirmed in part, reversed in part, and remanded. <u>California Pro-Life Council, Inc. v. Randolph</u>, 507 F.3d 1172 (9th Cir. 2007). The Ninth Circuit concluded that California had met its burden of demonstrating (1) a compelling interest in the disclosure of funding sources for express ballot measure advocacy and (2) that the definition of "contribution" is narrowly tailored to that compelling interest. <u>Id.</u> at 1183-87. However, the Ninth Circuit held that California failed to demonstrate that the PRA's imposition of political action committee-like requirements on a group like CPLC were narrowly tailored to that same interest. <u>Id.</u> at 1187-89.

### **FINDINGS**

Based upon the conclusions reached by the Ninth Circuit in conjunction with the prior holdings of this court, plaintiff's claims alleged in the ten-count AVC are resolved as follows:

<u>Count One</u>: The court's judgment dismissing Count One was affirmed, on other grounds, by the Ninth Circuit's decision in <u>California Pro-Life Council, Inc. v. Getman</u>, 328 F.3d 1088, 1096 (9th Cir. 2003).

<u>Count Two</u>: The court's judgment granting defendant's motion for summary judgment on Count Two was affirmed by the Ninth Circuit's decision in <u>California Pro-Life Council, Inc. v. Randolph</u>, 507 F.3d 1172, 1180-87 (9th Cir. 2007).

<u>Count Three</u>: The court's judgment dismissing Count Three was affirmed, on other grounds, by the Ninth Circuit's decision in <u>Getman</u>, 328 F.3d at 1096.

5

<u>Count Four</u>: The court's judgment granting defendant's motion for summary judgment on Count Two was affirmed by the Ninth Circuit's decision in <u>Randolph</u>, 507 F.3d at 1180-87.

<u>Count Five</u>: The court's judgment regarding Count Five was affirmed, on other grounds, by the Ninth Circuit's decision in <u>Getman</u>, 328 F.3d at 1096-1100.

<u>Count Six</u>: The only claim by plaintiff that is subject to the remand order is Count Six. Plaintiff CPLC is entitled to declaratory judgment and injunctive relief based upon the Ninth Circuit's holding that CPLC, and groups like CPLC, cannot be required to comply with political committee-like requirements beyond disclosure of the identities of persons funding independent expenditures made by CPLC to support or oppose qualification or passage of ballot measures. <u>Randolph</u>, 507 F.3d at 1187-90. The "full panoply of regulations that accompany status as a political committee under the Act," which the Ninth Circuit held were not narrowly tailored, include mandated registration, formal termination procedures, periodic reporting, and heightened recordkeeping requirements. <u>Id.</u> at 1189; (<u>see also</u> Defs.' Supplemental Mem., filed Feb. 22, 2008, at 2-3).[2]

<u>Count Seven</u>: The parties stipulated to the dismissal of Count Seven. See <u>Randolph</u>, 507 F.3d at 1175.

---

[2] The court agrees with defendants' assertion that while the Ninth Circuit held that "the states interest in disclosure [] can be met in a manner less restrictive than imposing the full panoply of regulations that accompany status as a political action committee," <u>id.</u> at 1189, the <u>Randolph</u> court did not explicitly conclude that any one of these requirements has been held unconstitutional. (Def.'s Supplemental. Mem. at 4).

6

1      <u>Count Eight</u>:  The parties stipulated to the dismissal of
2 Count Eight.  See <u>Randolph</u>, 507 F.3d at 1175.
3      <u>Count Nine</u>:  The parties stipulated to the dismissal of
4 Count Nine.  See <u>Randolph</u>, 507 F.3d at 1175.
5      <u>Count Ten</u>:  The court's judgment regarding Count Ten was
6 affirmed, on other grounds, by the Ninth Circuit's decision in
7 <u>Getman</u>, 328 F.3d at 1096-1100.

## CONCLUSIONS

Consistent with the Ninth Circuit's decisions and this order, CPLC is entitled to judgment in its favor on Count Six because defendants have failed to demonstrate how the additional political committee-like requirements are narrowly tailored to advance its compelling governmental interest.  See <u>Randolph</u>, 507 F.3d at 1189-90.  Defendants are permanently enjoined from enforcing these types of provisions against CPLC and groups like CPLC.[3]

IT IS SO ORDERED.

DATED: March 12, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] Defendants contend that injunctive relief is unnecessary in this case because the Fair Political Practices Commission instituted emergency regulations to address the Ninth Circuit's decision in <u>Randolph</u> on December 14, 2007.  The Ninth Circuit remanded this case for orders consistent with its opinion.  Now defendants seek the court to assess the validity of emergency regulations that were neither before the Ninth Circuit nor extensively briefed by the parties.  The validity of similar regulations was the gravamen of the initial complaint in this action.  The court will not summarily validate these subsequent emergency regulations.  As such, the court enters injunctive relief in accordance with the Ninth Circuit's order and does not comment upon the constitutionality of the current emergency regulations proffered by defendants.

7